**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540
Richard G. Rosenblatt
Emily Cuneo DeSmedt
Tyler J. Hill
Phone: 609.919.6673
Fax: 609.919.6701
*Attorneys for Defendant,*
*Amazon.com Services LLC* (*incorrectly named in*
*Complaint as Amazon Fulfillment Services Inc.*)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERDELYN SHAKES-ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON FULFILLMENT SERVICES INC.; and JOHN DOES 1-5 AND 6-10<br><br>Defendants. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Amazon.com Services LLC (incorrectly named in the Complaint as Amazon Fulfillment Services Inc.) ("Amazon" or "Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby gives notice of removal of this matter to the United States District Court for the District of New Jersey from

the Superior Court of New Jersey, Law Division, Camden County. The grounds for removal are as follows:

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

   a. Defendant Amazon is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Washington. Amazon is represented in this matter by Richard G. Rosenblatt, Emily Cuneo DeSmedt, and Tyler J. Hill, of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540-7814.

   b. Plaintiff Gerdelyn Shakes-Anderson ("Plaintiff") alleges that she resides in the State of New Jersey. (Exh. A, ¶ 1.) Plaintiff is represented in this matter by Kevin M. Costello and Jacquelyn R. Matchett, of Costello & Mains, LLC, 18000 Horizon Way, Suite 800, Mount Laurel, New Jersey 08054.

**I. State Court Action**

2. Plaintiff commenced this action on May 1, 2020 by filing a Complaint and Jury Demand ("Complaint") in the Superior Court of New Jersey, Camden County – Law Division, captioned as <u>Gerdelyn Shakes-Anderson v. Amazon Fulfillment Services Inc.; and JOHN DOES 1-5 and 6-10</u>, Docket No. CAM-L-

1583-20.  A true and correct copy of the Complaint, Case Information Statement, and Track Assignment Notice is attached hereto as **Exhibit A**.

3. On May 19, 2020, Plaintiff sent Defense counsel, via email, a letter enclosing "for service" the Complaint and Summons, Case Information Statement, and Track Assignment Notice, along with written discovery requests.  A true and correct copy of Plaintiff's May 19, 2020 letter (with enclosures) is attached hereto as **Exhibit B**.

4. No other proceedings in this action have been held in the Superior Court of New Jersey, and the documents attached as **Exhibits A and B** constitute all processes and pleadings delivered to Defendant in this case.

5. Plaintiff asserts claims against Defendant under the New Jersey Law Against Discrimination ("NJLAD").  Specifically, Count I of the Complaint alleges failure to accommodate under the NJLAD, and Count II alleges retaliatory discharge under the NJLAD.  (See Exh A., at ¶¶ 27-32.)  Count III of the Complaint requests "equitable relief" in connection with "practices [allegedly] contested" in the Complaint.  (See Exh A., at ¶¶ 33-41.)

6. Plaintiff sent Defendant a copy of the Complaint on May 19, 2020.

## II.   Removal of State Court Action

7. Section 1441(a) of Title 28 of the United States Code provides, in relevant part, that "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Pursuant to Section 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) Citizens of different States." 28 U.S.C. § 1332(a)(1).

9. Accordingly, Defendant removes this action on the grounds that the amount in controversy in this matter exceeds $75,000 and Plaintiff and Defendant are citizens of different states. See 28 U.S.C §§ 1332(a), 1441(a).

**III. Citizenship**

10. Plaintiff, at the time of filing of the Complaint and at the time of removal, was and is a citizen of the State of New Jersey. (See Exh. A, ¶ 1.)

11. The Complaint does not contain any allegations regarding the citizenship of Defendant.[1]

12. Pursuant to 28 U.S.C. §1332(c)(1), a corporation is deemed a citizen of any state in which it has been incorporated and of any state where it has its

---

[1] The Complaint merely alleges that Defendant maintains a "registered agent business" in Ewing, New Jersey and "conduct[s] business" in West Deptford, New Jersey. (See Exh. A, ¶ 2.)

principal place of business.[2]  Courts apply the "nerve center" test to identify a corporation's principal place of business.  <u>Maignan v. Precision Autoworks</u>, No. 13-3735, 2014 WL 201857, at *2 (D.N.J. Jan. 15, 2014) (citing <u>Hertz Corp. v. Friend</u>, 559 U.S. 77 (2010)).  Under the nerve center test, the principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  <u>Id.</u>

13. Defendant, at the time of the filing of the Complaint and at the time of removal, was and is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its corporate headquarters in Seattle, Washington.  Accordingly, Washington is Amazon's principal place of business.  See <u>Maignan</u>, 2014 WL 201857, at *3; <u>Harris v. Bristol-Myers Squibb Co.</u>, 2012 WL 1243260, at *2 & n.8 (D.N.J. April 12, 2012).

14. There are no other named parties in the case.  (<u>See</u> Exh. A.)  Pursuant to 28 U.S.C. 1441(b)(1), the citizenships of the fictitious Defendants named in the Complaint (JOHN DOES 1-5 AND 6-10) are disregarded.  See <u>Harris</u>, 2012 WL 1243260 at *2, n.9.

---

[2] Neither the location of a corporation's "registered agent business" nor where it "conduct[s] [any] business," as alleged in the Complaint, determines citizenship of that corporation for the purposes of diversity jurisdiction.  (<u>See</u> Exh. A, ¶ 2.)

15. Because Defendant and Plaintiff were at the time of the filing of the Complaint and are now at the time of removal, "citizens of different States," there is complete diversity in this action. See 29 U.S.C. § 1332(a)(1).

## IV. Amount in Controversy

16. In her Complaint, Plaintiff seeks monetary damages. Specifically, the Complaint seeks compensatory damages, punitive damages, attorneys' fees, "enhanced attorneys' fees," back pay, front pay, and "any other relief the Court deems equitable and just." (See Exh. A., at Wherefore clauses.) Plaintiff further alleges emotional distress and personal hardship, and seeks "all lost wages, benefits, fringe benefits and other remuneration[.]" (See Exh. A., at ¶¶ 25, 38, and Wherefore clauses.)

17. Although Plaintiff does not quantify the amount of damages that she seeks to recover, she cannot show to a legal certainty that her alleged damages amount to less than $75,000. See Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case will only be remanded if "it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount").

18. Based on the allegations pled in the Complaint and the relief Plaintiff seeks, the amount in controversy in this action, exclusive of interest and costs,

exceeds the sum of seventy-five thousand dollars ($75,000.00).  See Rodriguez v. Burlington Cty. Corr. Dep't, 2015 WL 790521, at *3 (D.N.J. Feb. 25, 2015), reconsideration dismissed, 2015 WL 5297271 (D.N.J. Sept. 9, 2015) (holding that the employee-plaintiff's potential damages could "easily exceed" $75,000 where the plaintiff sought compensatory damages for lost wages and fringe benefits, front and back pay, future benefits, loss of earning capacity, damages for emotional and physical distress, damage to reputation, pain and humiliation damages, punitive damages, and attorney's fees); Uddin v. Sears, Roebuck & Co., 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014) (denying a motion to remand and finding that the employee-plaintiff could potentially recover two months of back pay, punitive damages, and attorney's fees such that her total damages could exceed the jurisdictional threshold).

19. Thus, the damages alleged by Plaintiff satisfy the amount in controversy required for diversity jurisdiction.  Because the parties are diverse, and it does not appear to a legal certainty that Plaintiff cannot recover at least $75,000, this action is properly removed on diversity grounds.

**V.  Venue**

20. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district embracing the Superior Court of New Jersey, Camden

7

County, where Plaintiff originally filed this action, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.

## VI. Timing of and Consent to Removal

21. This Notice of Removal is filed within thirty (30) days of the date on which Plaintiff sent Defendant a copy of the Complaint, and, therefore, has been timely filed under 28 U.S.C. § 1446(b).

22. Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action.  Further, pursuant to 28 U.S.C. § 1446(d), Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Camden County and will properly give Plaintiff written notice of this filing.

23. By filing a Notice of Removal in this matter, Defendant does not waive, and expressly reserves, its right to assert any and all defenses and/or objections in this case, including their right to contest personal jurisdiction, service of process and the sufficiency of the Complaint.

24. The undersigned is counsel for, and is duly authorized to effect removal on behalf of, Defendant.

WHEREFORE, Defendant hereby removes this action from the Superior Court of New Jersey, Camden County, Law Division, and submits the foregoing to this Court's jurisdiction for further proceedings.

|  |  |
|---|---|
|  | **MORGAN, LEWIS & BOCKIUS LLP** |
| Dated:  June 18, 2020 | /s/ *Emily Cuneo DeSmedt* |
|  | Richard G. Rosenblatt |
|  | Emily Cuneo DeSmedt |
|  | Tyler J. Hill |
|  | 502 Carnegie Center |
|  | Princeton, New Jersey 08540 |
|  | Phone: 609.919.6673 |
|  | Fax: 609.919.6701 |
|  | *Attorneys for Defendant, Amazon.com Services LLC (incorrectly named in Complaint as Amazon Fulfillment Services Inc.)* |

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action which is being removed.

Dated:  June 18, 2020                              /s/  *Emily Cuneo DeSmedt*
                                                                    Emily Cuneo DeSmedt

## **CERTIFICATE OF SERVICE**

I, Emily Cuneo DeSmedt, hereby certify that on this 18th day of June, 2020, the foregoing Notice of Removal with attached exhibits, Local Civil Rule 11.2 Certification, and Civil Cover Sheet was electronically filed via the Court's ECF filing system on the following counsel of record:

> Kevin M. Costello, Esq.
> Costello & Mains, LLC
> 18000 Horizon Way, Suite 800
> Mount Laurel, New Jersey  08054
>
> *Attorneys for Plaintiff Gerdelyn Shakes-Anderson*

Dated:  June 18, 2020                            /s/  *Emily Cuneo DeSmedt*
                                                         Emily Cuneo DeSmedt