# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

---

| | | |
|---|---|---|
| GERDELYN SHAKES-ANDERSON, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | CAMDEN COUNTY - LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| AMAZON FULFILLMENT SERVICES | : | DOCKET NO: |
| INC.; and JOHN DOES 1-5 AND 6-10. | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |
| | : | |

---

Plaintiff, Gerdelyn Shakes-Anderson, residing in Camden County, New Jersey, by way of Complaint against the defendants, says:

### Preliminary Statement

Plaintiff brings suit under the New Jersey Law Against Discrimination ("LAD") alleging failure to accommodate and retaliation

### Identification of Parties

1. Plaintiff Gerdelyn Shakes-Anderson is, at all relevant times herein, a resident of the State of New Jersey and a former employee of the Defendant.

2. Defendant Amazon Fulfillment Services Inc. is, a corporation with its registered agent business at 100 Princeton South Corporate Center, Ewing, New Jersey 08628 and, conducting business at 240 Mantua Grove Road, West Deptford, New Jersey.

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

4. Plaintiff was hired by Defendant on or around August 31, 2019.

5. Plaintiff was responsible for stowing and scanning items.

6. On or around September 17, 2019, while working Plaintiff fell of a ladder approximately 4 feet in the air onto the ground.

7. As a result of this incident, Plaintiff injured her right knee and right ankle.

8. When Plaintiff's injury did not subside, she informed her manager, Kelsey (last name unknown), to report the incident.

9. Plaintiff began treating with AmCare in or around early October 2019 for her injuries.

10. On or around October 7, 2019, due to her injury, Plaintiff requested to permission to use the elevator instead of having to use the steps to get to the third floor.

11. In doing so, Plaintiff made a request reasonable for accommodation under the LAD.

12. Plaintiff was told she was not permitted to use the elevator and had to continue using the stairs.

13. On or around October 17, 2019, Plaintiff was given restrictions by a workers' compensation doctor, which included no kneeling or squatting, to alternate standing and sitting as needed, and one to three hours of walking.

14. Further, Plaintiff was restricted to not climbing stairs or ladders and had to wear a brace.

15. On or around October 18, 2019, Plaintiff presented the note with restrictions to desk manager, Josh Wolf.

16. In presenting the note requesting reasonable accommodations, Plaintiff further engaged in LAD-protected conduct.

17. Wolf sent Plaintiff home indicating there was no light duty available within her restrictions.

18. Upon information and belief, there were positions available that Plaintiff could fill in.

19. Plaintiff also reached out to Dali (last name unknown) the email designated for accommodations to which she received no reply.

20. On or around October 22, 2019, Plaintiff was discharged from treatment and her restrictions were lifted.

21. On the same date, on or around October 22, 2019, Plaintiff received an email from Amazon Human Resources indicating she had missed two shifts.

22. Plaintiff was not able to work those shifts because she was told by a manager to go home as there was no light duty.

23. The following day on or around October 23, 2019, Kelsey informed Plaintiff she was being terminated.

24. A determinative and/or motivating factor in Plaintiff's termination was her request for accommodation.

25. As a result of her termination, Plaintiff has been caused to suffer economic and non-economic harm.

26. Plaintiff's termination was participated in by members of upper management, and was undertaken maliciously, intentionally, egregiously, and/or with a willful and wonton disregard for the rights of the Plaintiff, warranting the imposition of punitive damages.

## COUNT I

### Failure to Accommodate Under the LAD

27. Plaintiff hereby repeats and realleges paragraphs 1 through 26, as though fully set forth herein.

28. Plaintiff made reasonable accommodation requests in that she be permitted to use the elevator and participate in light duty as a result of her condition.

29. Despite being made aware of Plaintiff's accommodation requests, Defendant failed to engage in any interactive process to determine whether or not the accommodation could be provided, and refused to provide any accommodation.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### Retaliation Under the LAD

30. Plaintiff hereby repeats and realleges paragraphs 1 through 29, as though fully set forth herein.

31. Plaintiff engaged in protected activity under the LAD in that she made requests for reasonable accommodation.

32. Subsequent to making the accommodation requests, Plaintiff was subjected to adverse employment actions including, but not limited to, being terminated.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Request for Equitable Relief

33. Plaintiff hereby repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff requests the following equitable remedies and relief in this matter.

35. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

36. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

37. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

5

38. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

39. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

40. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

41. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

Dated:  May 1, 2020

By:  **/s/ Kevin M. Costello**
**Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: **/s/ Kevin M. Costello**_____
    Kevin M. Costello

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By: **/s/ Kevin M. Costello**_____
    Kevin M. Costello

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: **/s/ Kevin M. Costello**
     Kevin M. Costello

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: **/s/ Kevin M. Costello**
     Kevin M. Costello

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-001583-20**

**Case Caption:** SHAKES-ANDERSON GERDELYN  VS AMAZON FULFILLMENT S
**Case Initiation Date:** 05/01/2020
**Attorney Name:** KEVIN MICHAEL COSTELLO
**Firm Name:** COSTELLO & MAINS, LLC
**Address:** 18000 HORIZON WAY STE 800 MT LAUREL NJ 080544319
**Phone:** 8567279700
**Name of Party:** PLAINTIFF : SHAKES-ANDERSON, GERDELYN
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?**  NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Are sexual abuse claims alleged?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/01/2020                                                                                              /s/ KEVIN MICHAEL COSTELLO
Dated                                                                                                                                   Signed

CAM-L-001583-20   05/01/2020 4:14:12 PM   Pg 2 of 2 Trans ID: LCV2020808318
Case 1:20-cv-07412   Document 1-1   Filed 06/18/20   Page 11 of 12 PageID: 22

```
CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN            NJ 08103
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    MAY 01, 2020
                         RE:      SHAKES-ANDERSON GERDELYN   VS AMAZON FULFILLMENT S
                         DOCKET:  CAM L -001583 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DONALD J. STEIN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    102
AT:   (856) 650-9100 EXT 43126.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                      ATT: KEVIN M. COSTELLO
                                      COSTELLO & MAINS, LLC
                                      18000 HORIZON WAY STE 800
                                      MT LAUREL       NJ 08054-4319

ECOURTS
```